## JOHN PINION v. THE STATE.

### No. 5701. Decided March 10, 1920.

**1.—Motor Vehicle—Public Highway—Information—Names of Persons Injured.**

Where, upon trial of a violation of an Act of the Thirty-fifth Legislature defining unlawful driving of persons in control or charge of any motor vehicle upon the public highway, etc., the information failed to allege the names of the persons alleged to have been injured, the same was bad on motion to quash.

**2.—Same—Rule Stated—Pleading—Names of Persons Injured.**

Wherever the statute punishes, or seeks to punish for an injury by one person to another, either his person or property, it is necessary to name the party injured or intended to be injured.

**3.—Same—Insufficiency of the Evidence.**

Where the pleading alleged that the defendant was in control of the motor vehicle and was operating it, and the evidence showed that another party was with him but did not show who was controlling or operating it, the conviction could not be sustained.

Appeal from the County Court of Rockwall. Tried below before the Hon. J. K. Wells, judge.

Appeal from a conviction of unlawfully operating a motor vehicle on a public highway; penalty, a fine of twenty-five dollars.

The opinion states the case.

*T. B. Ridgell,* for appellant.—Cited: Rape v. State, 31 S. W. Rep., 652; Harden v. State, 26 Texas, 113; Ranch v. State, 5 Texas Crim. App., 363.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: Bigby v. State, 5 Texas Crim. App., 401; Hatch v. State, 76 Texas Crim. Rep., 423, 174 S. W. Rep., 1062; Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891.

DAVIDSON, PRESIDING JUDGE.—The pleadings charge appellant with a violation of an Act of the Thirty-fifth Legislature, p. 478, which reads as follows:

"Every person having control or charge of any motor vehicle or other vehicle upon any public highway and approaching any vehicle drawn by horse or horses, or any horse upon which any person is riding, shall operate, manage and control such motor vehicle or other vehicle in such manner as to exercise every reasonable precaution to prevent the frightening of any such horse or horses and to insure the safety of any person riding or driving the same;" etc.

Only that portion of the statute is quoted which is thought to bear upon the case in hand. The charging part of the complaint and information is as follows: "that one John Pinion . . . having control and charge of a motor vehicle upon a public highway in said county and state and while approaching a horse upon which two persons were riding the said John Pinion did then and there so operate, manage and control said motor vehicle in such a manner as to frighten said horse and cause said two persons to be thrown off of said horse."

Motion to quash was based upon the ground that the pleadings were not sufficient to charge the offense under the statute, and does not allege the name or names of the persons who were riding and thrown from the horse. We are of opinion these exceptions are well taken. Wherever the statute punishes, or seeks to punish, for an injury by one person to another, either his person or property, it is necessary to name the party injured or intended to be injured. This seems to be universally the rule under all such legislation. Opinions in many cases have been rendered in this State. It is usually sufficient to follow the language of the statute in charging an offense, and under some statutes this would be sufficient, but that rule does not obtain where it is necessary to allege extrinsic facts to bring the party within the prohibitive act. This rule seems to apply to almost all legislation where the punishment is denounced against the citizen who imposes or undertakes to impose an injury upon his fellowman, either his person or his property. For instance, under the statute prohibit-

ing theft of property the owner is not named, or the party intended
to be injured is not set out in the statute, otherwise than by the gen-
eral term owner.     It denounces punishment against anyone who
fraudulently takes from the possession of the owner such property.
It is necessary under all the decisions to name the owner if he be
known or his name can be ascertained, and if this cannot be done,
the fact be alleged that his name was unknown.     In all personal in-
juries such as homicide and assaults, it is necessary to name the in-
jured party. It is not sufficient to follow the general statute that the
accused intended to injure and did assault a citizen.     In general
terms it must allege the name of the party assaulted, or the name of
the deceased, as the case may be.     Under this statute the prohibition
is against the party operating, controlling or in charge of the motor
vehicle where his action or his management of the machine may in-
jure another as set forth in the statute.     The proposition upon which
the statute is predicated shows the purpose of the law is to prevent
the frightening of the animal ridden or driven by some one so as to
cause injury or probably cause injury to the rider or driver of the
animal.     The name of the party on the animal alleged to be fright-
ened should be stated.     The prohibition of the statute is the result of
the injury to the party who was riding or driving the animal which
may have become frightened which caused the injury, or probably
would cause the injury.     A great many of these cases can be found
collated in Vernon's Ann. C. C. P., Art. 474, p. 229.     It would be
requisite in pleading under this statute that it be sufficiently definite
so that when the case has been disposed of further prosecution for
the same act may be barred.     It is also necessary to put the party up-
on notice of the time, place and circumstances he is called to meet by
the pleadings.     The general allegation that a horse upon which two
persons were riding was frightened and they thrown off is not a
sufficient statement.     It designates no particular transaction; it identi-
fies no one who was thrown off the horse he was riding.

There is another question suggested.     The pleadings charged that
appellant was in control of the automobile and was operating it.     The
evidence does not show this to be the case.     The facts show that ap-
pellant and another party were in the car, but they do not show who
was controlling or operating it, nor do they show anything further
than the fact that appellant was in the car.     He may have been op-
erating the car or he may not have been.     The other party may have
owned the car and was operating it, and the appellant a mere pas-
senger.     The two witnesses who were thrown or fell off the horse testi-
fied that these two parties were in the car.     They mentioned the fact
that appellant was one of the parties, but they seemed not to have
been asked who was operating the car.     If they were so asked the
records fails to show it.     It would be necessary under the allegations
and under the statute both that in order to convict appellant that he

was either himself operating the car, or was aiding and abetting or-advising the man who was operating it to do what was done.

Because the pleadings are insufficient the judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*